# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| JASMINA TUCOVIC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO. 1:10-cv-387 |
| | ) |
| JEFF HOGAN, et al., | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

Before the Court is a motion to appoint counsel filed by *pro se* Plaintiff Jasmina Tucovic, requesting that this Court appoint an attorney to represent her in this employment discrimination case. (Docket # 25.) This is Tucovic's second request for appointment of counsel; her first request was denied by District Judge Van Bokkelen on July 13, 2011. (Docket # 24.)

Civil litigants do not have a right, either constitutional or statutory, to court-appointed counsel. *Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007); *Zarnes v. Rhodes*, 64 F.3d 285, 288 (7th Cir. 1995). Rather, district courts are empowered to appoint an attorney to represent a plaintiff without charge when she is "unable to afford counsel", 28 U.S.C. § 1915(e)(1), or in Title VII cases "in such circumstances as the court may deem just", 42 U.S.C. § 2000e-5(f)(1).

Here, as explained above, Tucovic's first plea for the appointment of counsel has already been reviewed and denied by the District Court. (Docket # 24.) Yet, she fails to produce any new facts or circumstances in the instant motion upon which to change the outcome of her first request for counsel.

Furthermore, there is no evidence that Tucovic has made any effort to secure her own counsel. *See Gil v. Reed*, 381 F.3d 649, 656 (7th Cir. 2004) ("In determining whether to appoint

counsel for an indigent plaintiff . . . , a court must 'first determine if the indigent has made reasonable efforts to retain counsel and was unsuccessful . . . .'") (quoting *Jackson v. County of McLean*, 953 F.2d 1070, 1073 (7th Cir. 1992)). Moreover, the Court has already appointed counsel for Tucovic in her companion employment discrimination case against Wal-Mart, her employer. *See Tucovic v. Wal-Mart*, No. 1:09-cv-148 (filed June 2, 2009).

In addition, a brief look at the merits of Tucovic's complaint also weighs against the appointment of counsel. In fact, the District Court struck her original complaint because it failed to state a claim upon which relief could be granted. (Docket # 18.) The District Court explained, for example, that Tucovic cannot state a claim against Walker under Title VII because Walker was not her employer. Although Tucovic has since filed an amended complaint, it too is currently subject to a motion to dismiss by Defendants. (*See* Docket # 20.)

Therefore, for the foregoing reasons, Tucovic's second motion to appoint counsel (Docket # 25) is DENIED. She, of course, is free to attempt to secure counsel on her own.

SO ORDERED.

Enter for this 28th day of July, 2011.

/S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge