United States District Court
Northern District of Indiana
Hammond Division

| | | |
|---|---|---|
| JASMINA TUCOVIC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:10-CV-387 JVB |
| | ) | |
| JEFF HOGAN and DARLENE WALKER, | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

This matter is before the Court on Plaintiff's amended *pro se* complaint filed May 5, 2011. Plaintiff alleges various claims of employment discrimination and conspiracy against Defendants Jeff Hogan[1] and Darlene Walker[2]. On May 23, 2011, Walker moved to dismiss Plaintiff's amended complaint, contending her claims are premised on the same legal errors discussed in the Court's April 11 Order. (DE 20.) On July 8, 2011, Plaintiff filed a response asking the Court to appoint her counsel while failing to address the merits of Defendant's motion. (DE 23.) On July 13, 2011, the Court denied Plaintiff's Motion for Appointment of Counsel and allowed her to file a response to Defendant's Motion to Dismiss by July 29, 2011. On July 27, 2011, Plaintiff filed another request for appointment of counsel, but did not respond to the motion.

---

[1] Plaintiff alleges that Hogan conspired to prevent the EEOC from investigating her complaint of discrimination against Walker. A summons issued against him was returned unexecuted [DE 14].

[2] Plaintiff alleges that Darlene Walker, the manager of the Wal-mart store where Plaintiff worked, discriminated against her, and encouraged others to do the same, on the basis of her national origin.

## I. Background and Facts

On November 3, 2010, Plaintiff Jasmina Tucovic filed a *pro se* complaint against Darlene Walker, store manager of Walmart store #4230 (DE 1 at 7), and Jeff Hogan of the Fort Wayne Metropolitan Human Relations Commission. (*Id.* at 2.) In her Complaint, Plaintiff alleged claims against Walker under 42 U.S.C. § 1983. (*Id.* at 6.) At no time, however, did Plaintiff assert that Walker acted under color of law.

On February 10, 2011, Walker filed a Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (DE 10.) In response, Plaintiff asserted (in addition to her prior § 1983 claim) claims under 42 U.S.C. § 1981, 42 U.S.C. § 1985 and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*. (DE 16.)

On April 11, 2011, the Court struck Plaintiff's Complaint and granted leave until May, 11, 2011, to amend her Complaint to state a claim (DE 18.) The Court instructed Plaintiff to use the Employment Discrimination Complaint form provided by the Clerk. [*Id.* at 2] Additionally, the Court cautioned Plaintiff that her case will be dismissed, without further notice, if she fails to timely amend her complaint or meet the pleading requirements. (*Id.* at 2.)

On May 5, 2011, Plaintiff filed an Amended Complaint against Hogan and Walker that set forth the following claims: Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e; 42 U.S.C. § 1981; "state laws and other" and "retaliation" [DE 19 at 2.] In Plaintiff's narrative, she also alleges claims under 42 U.S.C. § 1983, contending her rights were violated "under color of state law" [*id.* at 29]; and 42 U.S.C. § 1985(3), alleging conspiracy and infringement of her

constitutional rights. [*id*. at 23].³

**II.     Standard for Evaluating a Motion to Dismiss**

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim is to test the sufficiency of the pleading, not to decide the merits of the case. *See Gibson v. Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). In considering a motion to dismiss a counterclaim, a court must accept as true all the well-pleaded material facts and must draw all reasonable inferences from those facts in the light most favorable to the pleader. *Perkins v. Silverstein*, 939 F.2d 463, 466 (7th Cir. 1991).

In *Bell Atlantic Corp. v. Twombly*,127 S.Ct. 1955 (2007), the Supreme Court "retooled federal pleading standards, retiring the oft-quoted [*Conley v. Gibson*, 355 U.S. 42, 47 (1957)] formulation that a pleading 'should not be dismissed for failure to state a claim unless it appears beyond doubt that the [pleader] can prove no set of facts in support of his claim which would entitle him to relief.'" *Killingsworth v HSBC Bank Nevada, N.A.*, 507 F.3d 614, 618, (7th Cir. 2007). The factual allegations of the pleading must be enough to raise a right to relief above the speculative level; the pleading must contain enough facts to state a claim to relief that is plausible on its face. *Id*. The Court of Appeals for the Seventh Circuit, reading *Bell Atlantic* and *Erickson v. Pardus,*127 S.Ct. 2197 (2007)⁴ together, has said "we understand the Court to be saying only that at some point the factual detail in a complaint may be so sketchy that the

---

³ Plaintiff also claims that Walker and Hogan "conspired, all together, to deprive me of laboring to earn living [1883(2)]." [DE 19, p. 27.] Plaintiff's reference to "1883(2)" is unclear as 42 U.S.C. § 1883(2) addresses the Office of Small Business Research and Development. Presumably, Plaintiff intended to reference 42 U.S.C. § 1985(3).

⁴*Erickson* was decided two weeks after *Bell Atlantic*.

3

complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8." *Airborne Beepers & Video, Inc. v. AT &T Mobility LLC*, 499 F.3d 663, 667 (7th Cir 2007).

**A.     Title VII Claims Against Individuals Are Improper**

On May 5, 2011, Plaintiff filed an amended complaint seeking to add Title VII claims against Darlene Walker, her former manager at Wal-Mart. (DE 19 at 2.) However, individuals are not proper defendant's under Title VII, and the Court's April 11, 2011, order specified that such a claim is improper. (DE 18 at 2.) In addition, Plaintiff has provided no legal authority challenging the Court's April 11 order, nor could she because Walker was not Plaintiff's employer when the alleged conduct took place. Rather, Walker was Plaintiff's manager throughout the duration of her employment at Wal-Mart. Plaintiff has yet again failed to state a valid claim under Title VII. Therefore, the Court finds that Title VII claims against Walker are unwarranted.

**B.     Plaintiff's Claims Fall Outside the Protection of 42 U.S.C. § 1981**

In order to assert a valid claim under § 1981, a plaintiff must show they were discriminated against because of their race. *Saint Francis Coll. v. Al-Khazraji*, 481 U.S. 604, 613 (1987). Plaintiff's amended complaint describes the basis for her Section 1981 claim:

> By obstruction and defiting [sic] my execelent [sic] work performance in their way, their happened denial of my equal protection based on my Bosnian national origin [sic]. Section 1981 forbid [sid] not only racial, but otherwise class-based animus. Section 1981 forbids national-origion [sic] discrimination to [sic].

4

Throughout Plaintiff's amended complaint, she further alleges discrimination based on her sex and religion. Plaintiff fails to address the *Saint Francis College* case, and does not provide any authority for her assertion that § 1981 covers national origin discrimination, as well as "class-based animus" such as sex or religious discrimination. The Court's April 11 order stated that § 1981 covers racial discrimination but not national origin discrimination. (DE 18 at 2.) Additionally, the Court's April 11 order cautioned Plaintiff that this will be her final amended complaint if she fails to meet the pleading. (*Id*.) Plaintiff has yet again failed to state a valid claim under Section 1981. Therefore, the Court finds that Plaintiff's claims fall outside the protection and scope of Section 1981 and are unwarranted.

**C.     Plaintiff Fails To Show Walker Acted Under Color Of Law**

Pursuant to 42 U.S.C. § 1983, Plaintiff alleges violations of her rights guaranteed by the Fourth and Fourteenth Amendment. Section 1983 provides "a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." *City of Monterrey v. Del Monte Dunes at Monterrey, Ltd.*, 526 U.S. 687 n.9 (1999). A cause of action may be brought under § 1983 against "[e]very person who, under color of statute, ordinance, regulation, custom or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction therefor to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws."

The plaintiff must demonstrate that the defendant personally participated in or directly caused the deprivation of his or her rights. *Alejo v. Heller*, 328 F.3d 930, 936 (7th Cir. 2003). The doctrine of *respondeat superior* cannot be used under § 1983 to create liability for

supervisors due to the misconduct of subordinates. *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001). Instead, the plaintiff must demonstrate that the defendant was personally responsible by "act[ing] or fail[ing] to act with a deliberate or reckless disregard of plaintiff's constitutional rights," or that "the conduct causing the constitutional deprivation occur[red] at [the defendant's] direction or with [the defendant's] knowledge or consent." *Crowder v. Lash*, 687 F.2d 996, 1005 (7th Cir. 1982).

Plaintiff's initial complaint (DE 1 at 6) indicated that she was suing Walker under 42 U.S.C. § 1983. Plaintiff's Amended Complaint maintains the same theory but does not indicate how Walker acted under color of law as manager of Wal-Mart. Rather, Plaintiff merely rehashes the original allegations while ignoring the Court's analysis discussed in the April 11 Order. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Given Plaintiff's second failure to state a valid claim under § 1983, the Court finds Plaintiff's § 1983 claim to be unwarranted.

**D.**     **Plaintiff's Claim is Insufficient to Establish a Conspiracy Under 42 U.S.C. § 1985(3)**

In order to state a conspiracy claim under 42 U.S.C. § 1985(3), Plaintiff must allege: (1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, a person or class of persons of the equal protection of the laws; (3) any act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States.

6

Plaintiff's conspiracy claim is speculation as she provides no facts or support to show how or to what extent Walker and Hogan conspired to her detriment. Rather, Plaintiff's allegations are conclusory. Plaintiff has furnished the Court a long list of complaints regarding her work at Wal-Mart; however, she offers no explanation other than a conspiracy headed by Walker. Plaintiff's amended complaint states:

> I will not speculate who gave these instructions to Darlene Walker or Jeff Hogan how to cover up everything, but plan who [sic] to get rid of me is carried out to the end in this store (DE 19 at 13.) They cannot hide the truth and I will not speculate who did what. They all know what happened and they extremely [sic] violated my civil rights. This can be done only in organized conspiracy wich [sic] happened here.

(*Id*. at 28.)

In order to state a claim under § 1985(3), even a *pro se* plaintiff must allege more than conclusory allegations declaring a conspiracy. *Briscoe v. LaHue*, 663 F.2d 713, 723 (7th Cir. 1981.) The Complaint must allege facts specific enough to suggest the existence of this type of motivation underlying the Defendant's actions. (*Id*.) Here, Plaintiff suggests that Walker headed a conspiracy and encouraged others to take part in such. However, there are no facts alleged that suggest any sort of agreement between these individual Defendants that would support the existence of a conspiracy, nor are there any facts from which a conspiracy could be reasonably inferred.

Plaintiff's claims do not sufficiently allege a factual basis for a conspiracy as required by the pleading rules for such actions. Because the Complaint does not fulfill the necessary pleading requirements for a § 1985(3) action, the Court finds Plaintiff's claims to be unwarranted.

### III. CONCLUSION

For the foregoing reasons Defendant's Motion to Dismiss (DE 20) is GRANTED.

SO ORDERED on August 4, 2011.

                                             S/ Joseph S. Van Bokkelen
                                             JOSEPH S. VAN BOKKELEN
                                             UNITED STATES DISTRICT JUDGE